UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Chapter 7

    LaJeff Lee-Percy Woodberry,                       Case No. 18-46856

               Debtor.                                  Hon. Phillip J. Shefferly
_____/

    Daniel M. McDermott,                              Adversary Proceeding
    United States Trustee,                            No. 18-04382

               Plaintiff,
v.

    LaJeff Lee-Percy Woodberry,

               Defendant.
_____/

### **O**RDER **S**TRIKING **D**EMAND **F**OR **J**URY **T**RIAL

On May 9, 2018, LaJeff Lee-Percy Woodberry ("Defendant") filed a Chapter 7 case. On August 13, 2018, Daniel M. McDermott ("Plaintiff") filed an adversary complaint to deny the Defendant's discharge under § 727(a) of the Bankruptcy Code. The Defendant filed an answer on November 2, 2018. The Defendant did not request a jury trial. The parties filed a joint Rule 26(f) report (ECF no. 20) on November 27,

2018.  In paragraph (3)(f) of the report, the parties indicated that "a jury trial was <u>not</u> timely demanded and <u>is</u> waived[.]"  At the December 3, 2018 initial scheduling conference, the Plaintiff suggested appointing a mediator in this and a related adversary proceeding.  The Court granted that request, and held further proceedings in abeyance pending the mediation.  Unfortunately, on May 17, 2019, the mediator filed a certification stating that the parties did not reach a settlement.

Following the mediation, the Court rescheduled the initial scheduling conference for May 20, 2019.  At the conference, the Defendant made an oral request for a jury trial.  The Court has determined to deny the Defendant's oral request for the following reasons.

First, the Defendant's request is procedurally defective.  Under Federal Rule of Bankruptcy 9015(a), a jury demand must be made in accordance with Federal Rule of Civil Procedure 38.  Rule 38(b) provides that a demand for a jury trial on a specific issue must be made by filing a written demand and serving the other party the written demand "no later than 14 days after the last pleading directed to the issue is served[.]"  The only issue in this adversary proceeding is whether the Defendant is entitled to a discharge in his Chapter 7 case.  The last pleading, as that term is defined by Federal Rule of Civil Procedure 7(a) and incorporated by Federal Rule of Bankruptcy 7007,

directed to this issue was the Defendant's answer.  Therefore, the deadline for the Defendant to file and serve his written jury demand was 14 days from this answer, i.e. November 16, 2018.  The Defendant did not file and serve a written demand by that date, which has long since passed.

Second, in a § 727 action, the Plaintiff "has no constitutional right to a jury trial because a complaint to deny discharge is primarily an equitable proceeding, and the constitutional right to a jury trial applies to suits at common law."  Clippard v. Russell (In re Russell), 392 B.R. 315, 373 (Bankr. E.D. Tenn. 2008) (citations omitted).  See also Granfinanciera, S.A. v. Nordberg, 492 U.S. 31 (1989) (holding that if an action is a suit at common law, in other words a historically a legal action, there is an entitlement to a jury trial, whereas if the action is equitable in nature, there would be no right to a jury trial); Longo v. McLaren (In re McLaren), 3 F.3d 958 (6th Cir. 1993) (applying the Supreme Court's analysis from Nordgerg to dischargeability proceedings under § 523 of the Bankruptcy Code and holding that there is no right to a jury trial) (following N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496 (7th Cir. 1991)).  The Court finds that no Seventh Amendment entitlement to a jury trial arises in this case.  This adversary proceeding will be conducted as a bench trial at the

-3-

18-04382-pjs    Doc 31    Filed 05/28/19    Entered 05/29/19 08:28:41    Page 3 of 4

time and date indicated by the Court in a separate scheduling order that the Court will now issue`` in this adversary proceeding. Accordingly,

**IT IS ORDERED** that the Defendant's oral request for a jury trial is denied.

**Signed on May 28, 2019**

/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge